

One US Bank Plaza
St. Louis, MO 63101

314 552 6000 main
314 552 7000 fax
thompsoncoburn.com

**Jan Paul Miller**
314 552 6365 direct
jmiller@thompsoncoburn.com

May 23, 2025

**VIA CM/ECF & FEDEX**

Christopher G. Conway, Clerk of Court
Office of the Clerk
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
Room 2722
219 S. Dearborn Street
Chicago, IL 60604

Re:    No. 24-3296, *Frank William Bonan, II v. FDIC*: Petitioner's Response to Respondent's Rule 28(j) Letter Submitting Supplemental Authority

Dear Mr. Conway:

    I write to you today in response to the FDIC's letter, conveniently filed less than a week after Petitioner's Reply Brief, directing the Court's attention to a nearly one-month-old district court decision in *Millienia Housing Management v. HUD,* 2025 WL 1222589 (N.D. Ohio Apr. 28, 2025).

    Initially, this Court should be unpersuaded by *Millennia* because, given that the district court concluded that it lacked subject matter jurisdiction to decide the constitutional claims, the analysis of those issues is mere dicta. *Id.* at *6. Regardless, the district court's substantive analysis of both claims in dicta is inapposite to this case.

    While the district court in *Millenia* stated that a jury trial would not be required because the public rights exception would apply, *id.* at *8, the HUD enforcement action at issue is distinguishable. HUD brought the enforcement proceeding against mortgagors in the context of specific HUD-insured mortgages "subject to HUD contracts." *Id.* at *3. The district court found the public rights exception applicable because the enforcement proceeding was to regulate "a transaction between a private individual and HUD in a market specifically created by Congress." *Id.* at *9. Unlike *Millenia,* and similar to *SEC v. Jarkesy*, here the FDIC targeted Petitioner for private transactions between a bank and its borrowers. *See SEC v. Jarkesy,* 603 U.S. 109, 135 (2024). The FDIC did not insure the transaction between Grand Rivers and 618 Holdings or the collateral known as Rig 23. The FDIC

inserted itself into a *private* matter and yet seeks to mischaracterize its authority as a "public right." This cannot stand.

Additionally, while not mentioned by the FDIC (likely because the Solicitor General has conceded the unconstitutionality of the removal restrictions), this Court should be unpersuaded by the district court's finding that there was no constitutional violation regarding removal restrictions because, unlike the FDIC Board who have tenure protections, "the President may replace the [Housing] Secretary at his whim." *Millenia,* 2025 WL 1222589, at *13.

For the reasons discussed in Petitioner's opening and reply briefs, this Court should follow *Jarkesy* and find the FDIC enforcement proceedings unconstitutional.

        Respectfully submitted,

        /s/ Jan Paul Miller
        Jan Paul Miller, Esq.
        Thompson Coburn LLP
        One US Bank Plaza
        St. Louis, Missouri 63101
        P: (314) 552-6000
        F: (314) 552-7000
        jmiller@thompsoncoburn.com

        *Counsel for Petitioner Frank William Bonan, II*

cc: All counsel of record through CM/ECF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 23rd day of May, 2025, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to all counsel of record and, pursuant to Rule 28, ten copies of the same were delivered to the Court via Federal Express.

/s/ Jan Paul Miller
Jan Paul Miller, Esq.